UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIE CAUDLE                                                                    MOVANT/DEFENDANT

v.                                                                        CRIMINAL ACTION NO. 3:09-CR-95-S

UNITED STATES OF AMERICA                                              RESPONDENT/PLAINTIFF

**REPORT AND RECOMMENDATION**

This matter is before the court on Willie Caudle's *pro se* motion to vacate his conviction under 28 U.S.C. § 2255. The defendant seeks an order of this court amending the presentence report's mention of a stale, thirty-year old conviction to qualify for a sentence credit. The government responds that the motion should be denied on several grounds including the statute of limitations and waiver. The court referred this matter to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for a report and recommendation. For reasons stated below, the magistrate judge will recommend that the court deny the defendant's motion.

**I.**

1)      The defendant entered a guilty plea on January 5, 2010, pursuant to a plea agreement, to conspiracy to distribute heroin. The plea agreement contains a waiver of his right to appeal or to collaterally attack his conviction or sentence under § 2255 or otherwise.[1] The court sentenced the defendant on May 21, 1010, to a 42-month term of imprisonment. The defendant did not appeal. The defendant filed this motion more than one year later, on August 25, 2011.

2)      The defendant filed this § 2255 motion seeking a revision to the presentence report, which shows the defendant has a previous conviction for aggravated assault, some thirty-

---

[1] Plea Agreement ¶ 12 (Docket No. 55).

two years previous to the conviction and sentence under attack. The defendant essentially alleges collateral relief is proper because the Bureau of Prisons ("BOP") policy provides that he is ineligible for a twelve-month sentence reduction, based on the prior conviction, otherwise available to an inmate after completing the BOP's Residential Drug Abuse Treatment Program ("RDAP"). The defendant does not assert any other claims in support of the § 2255 motion.

**II.**

3) The magistrate judge will first address the timeliness of the motion. Section 2255 provides that a one-year period of limitation shall apply to a motion under this section. "The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final ... ." 28 U.S.C. § 2255(f)(1). A conviction that has not been appealed becomes final, for purposes of § 2255(f), ten days after the entry of judgment of conviction. *Benitez v. United States*, 521 F.3d 625, 630 (6th Cir. 2008). Thus, the defendant's conviction became final on June 6, 2010. Because the defendant filed this motion more than one year later, this motion is time-barred under subsection (1), § 2255(f).

4) The defendant argues, however, that the statute of limitations began to run at a later date because he discovered the facts supporting his claim on January 17, 2011. Section 2255(f)(4), in fact, contains a discovery rule which delays when a claim accrues under the statute of limitations. Subsection (4) provides that the limitation period begins to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The defendant argues that because he did not discover until January 2011that his previous conviction barred him from receiving a sentence reduction, the discovery rule in subsection (4) saves his claim. The magistrate judge disagrees.

5) The BOP's eligibility requirement in the administrative regulations and the fact of his prior conviction were pieces of information available upon the exercise of reasonable

2

diligence at the beginning of the defendant's sentence. Because the defendant's circumstances do not satisfy subsection (4)'s discovery rule, his claim is time-barred. In addition, the defendant's circumstances are neither "extraordinary" to support equitably tolling the limitation period under *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), nor sufficiently "credible" to support a gateway actual innocence claim under *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). Thus, the magistrate judge will recommend denying this claim as time-barred.

6) In addition, the magistrate judge concludes the waiver clause in the plea agreement provides an independent basis for denying this § 2255 motion. "It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001). Nothing in the § 2255 motion or other pleadings disputes that the defendant's plea agreement was knowing, intelligent, and voluntary. The magistrate judge thus concludes that the defendant's waiver forecloses his right to bring this motion for collateral relief.

7) Finally, the magistrate judge concludes the defendant fails to state a claim for relief under § 2255. Section 2255 provides that a federal prisoner may move to vacate, set aside or correct a sentence imposed in violation of the Constitution or laws of the United States. For allegations of errors under federal law, the prisoner must establish "a fundamental defect which inherently results in a complete miscarriage of justice," or an error "inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *United States v. Ferguson*, 918 F.2d 627 (6th Cir. 1990).

8) The defendant's claim, here, simply does not constitute a miscarriage of justice cognizable under § 2255. The defendant relies on *United States v. Fraley*, 2007 WL 1876455

3

(E.D.Ky. June 27, 2007), where the court granted § 2255 relief, unopposed by the government, so that the sentence would conform with the intentions of the sentencing court that the defendant participate in the RDAP and receive a sentence reduction for its successful completion. Unlike the claim in *Fraley*, however, the government here expressed no intention that the defendant should be eligible for early release with participation in the RDAP. *Fraley* involved a sentence increase for the possession of a firearm, an analysis distinguishable from the present circumstances, in which the presentence report acknowledges a prior conviction for a crime of violence. The sentencing court's favorable mention of a drug rehabilitation program for the defendant in no way calls into question the legality of the BOP's eligibility policies for such programs. The magistrate judge thus concludes the motion fails to state a claim for relief under § 2255.

### III. RECOMMENDATION

The magistrate judge recommends that the district court deny the motion as time-barred, or alternatively for failure to satisfy § 2255 on the merits.

The magistrate judge further recommends that the court deny a certificate of appealability, 28 U.S.C. § 253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000), because no jurists of reason would find it debatable that the motion is time-barred nor provides any basis for equitable tolling, is subject to waiver, and is non-cognizable under § 2255.

DATE:

### N O T I C E

Within fourteen (14) days after being served a copy of these proposed findings of fact, conclusions of law, and recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived. *Thomas v. Arn*, 782 F.2d 813 (6th Cir. 1984); 28 U.S.C. § 636(b)(1)(C). A party may file a response to another party s objections within fourteen (14) days after being served with a copy thereof.